(45 Misc. Rep. 505.)

#### PEOPLE ex rel. BLAIR v. GROUT, City Comptroller.

#### PEOPLE ex rel. SCHMITT v. SAME.

(Supreme Court, Special Term, New York County. December, 1904.)

1. MUNICIPAL CORPORATIONS—SALARIES OF OFFICERS—ATTACHMENT.

Where, on proceedings supplementary to an execution against a municipal officer, a receiver has been appointed, and the officer, after a wrongful discharge, has been reinstated, the receiver is not entitled, by virtue of his office, to the salary of the judgment debtor accruing after his reinstatement, as such salary cannot be attached in satisfaction of the judgment.

[Ed. Note.—For cases in point, see vol. 21, Cent. Dig. Execution, § 1105; vol. 24, Cent. Dig. Garnishment, §§ 126–130.]

2. SAME—ASSIGNMENT OF SALARY.

In supplementary proceedings against a municipal officer who had been reinstated to office after a wrongful discharge, the judgment debtor assigned his claim against the city, and all judgments due or to become due on account of such claim, to the receiver. *Held* not to entitle him either to the salary earned after the debtor's reinstatement to office, or to a gratuity given him by Laws 1904, p. 1513, c. 637; the assignment being invalid.

[Ed. Note.—For cases in point, see vol. 4, Cent. Dig. Assignments, § 23.]

Application by the people, on the relation of George Blair, for writ of mandamus to Edward M. Grout, comptroller of the city of New York, and by the people, on the relation of Conrad B. Schmitt, receiver, for a writ of mandamus, to the same defendant. Motion of relator Blair granted, and that of relator Schmitt denied.

See 90 N. Y. Supp. 122.

Philip P. Gardiner, for relators.

John J. Delany, Corp. Counsel (J. F. O'Brien, of counsel), for respondent.

SCOTT, J. Two applications are presented to the court respecting a fund now held by the comptroller. They were argued together on substantially the same papers, and, for convenience, will be considered and disposed of together. As to the facts there is no dispute. George Blair held the office of superintendent of outdoor poor in the department of public charities. He was removed by the commissioner of the department on March 7, 1902, but claimed that his removal was illegal, under section 21 of the civil service law (Laws 1899, p. 809, c. 370), because he was an honorably discharged veteran of the Union navy in the War of the Rebellion. Proceedings for his reinstatement were initiated, with the result that on February 5, 1903, a mandamus issued out of this court, directing the commissioner to restore him to his position. Between the date of his attempted discharge and the date of his reinstatement, another had been appointed to the office claimed by him, and had been paid the salary attached thereto. The order for the mandamus reinstating Blair was in due course affirmed by the Appellate Division and the Court of Appeals; and thereafter he was in fact re-

stored to his position. While his proceeding for reinstatement was pending, and on January 31, 1903, Blair made an assignment to his wife, Agnes Blair, of all his right, title, and interest in and to his claim against the city of New York for salary as superintendent of outdoor poor, and all sums then due or to become due on account of said claim. On March 27, 1903, one John Burt, Jr., was appointed receiver of the property of George Blair in proceedings supplementary to an execution upon a judgment recovered by one Ellen Duff; and on April 27, 1903, Blair and his wife, by separate instruments, assigned to Burt, the receiver, the claim that Blair had previously assigned to his wife. On September 9, 1903, Burt was superseded as receiver by Conrad B. Schmitt, the above-named relator, and the receivership was extended to a judgment against Blair, recovered by one George B. Currie. On November 11, 1903, John Burt, Jr., the former receiver, executed an assignment in writing to Conrad B. Schmitt as receiver of the alleged claim of Blair against the city. On August 9, 1903, Schmitt served a notice of his appointment on the comptroller, together with a copy of the order appointing him, and demanded payment of all sums to become due to Blair. On August 10, 1904, the receiver served a supplemental notice on the comptroller, claiming any salary due or to become due to Blair under the assignment above referred to. Blair's salary from February 5, 1903, the date of the order for his reinstatement, to January 1, 1904, the date of his actual restoration to office, was paid by the comptroller to him or to his attorney upon his order. These payments were made on June 8, 1904.

On May 9, 1904, the Legislature enacted a statute known as chapter 637, p. 1513, of the Laws of 1904, giving to any honorably discharged veteran removed in contravention or violation of section 21 of the civil service law the right to receive from the state, city, or municipality under which said position or employment was held by him the same compensation from the date of the unlawful removal to the date of restoration which he would have been entitled to receive but for such unlawful removal. With solicitous regard for the interests of the legal profession, any sum recovered under this measure is expressly made subject to section 66 of the Code of Civil Procedure, relating to attorney's liens, and it is there provided that "otherwise" the amount "shall be paid only directly to such veteran." This act, by its terms, provided for, and concededly was drawn to provide for, the payment to Blair of the salary that he would have earned from March 7, 1902, the date of his unlawful removal, to February 5, 1903, the date of the order reinstating him. The amount thus given to Blair by the Legislature out of the treasury of the city was $2,186.48, of which $1,500 has already been paid to his attorney in satisfaction of his lien. The purpose of the present application on the part of Blair is to enforce the payment of the balance of $686.48. The purpose of the application by the receiver is to recover not only the sum given to Blair by the above statute, but also his salary from February 5, 1903, to the date of his actual restoration on January 1, 1904. Blair's proceeding has so far proceeded that a writ of peremptory mandamus has issued, requiring

the comptroller to pay him; and the present application is, in form, to punish that officer for contempt for his failure to obey. To this application I see no answer. The city appeared to oppose the issuance of the writ, and, although it took an appeal from the order directing the writ to issue, that appeal was withdrawn, and the time to appeal has now expired. As against the city, Blair's right has become irrevocably determined; and, if the receiver has also a right to be paid, the only result will be that the city will have to pay twice.

The claim of the receiver presents different considerations. The receiver conceded upon his brief that whatever claim he may have is not founded upon his appointment as receiver, because before that appointment Blair had assigned to his wife, but that his claim, if it can be sustained at all, must rest upon that assignment to Mrs. Blair, and several subsequent assignments, concluding with the assignment from Burt, as receiver, to the present receiver. The question, therefore, is whether anything passed by these assignments, and, if not, whether the receiver, by virtue of his appointment, is entitled to recover any part of the sum which he claims.

It is settled by abundant authority that the unearned salary of a public officer cannot be assigned or attached in satisfaction of a judgment. Bliss v. Lawrence, 58 N. Y. 442, 17 Am. Rep. 273; Bowery Bank v. Wilson, 122 N. Y. 478, 25 N. E. 855, 9 L. R. A. 706, 19 Am. St. Rep. 507; Matter of Worthington, 141 N. Y. 9, 35 N. E. 929, 23 L. R. A. 97; Bowery Bank v. Gerety, 153 N. Y. 411, 47 N. E. 793. This rule is based upon sound considerations of public policy. It clearly applies to all of the salary paid to Blair from the date of the order restoring him to office, because after that date he was in legal contemplation in office, and whatever he received was paid him as salary. As to so much of the sum claimed by the receiver, I am constrained to hold that the assignments were ineffectual to pass any title, and that the receiver, as such, took nothing by virtue of his appointment. The sum awarded to Blair by the Legislature under the act of 1904 was certainly not salary, and, at the time the assignment to his wife was made, he had no claim therefor. No rule is better established in this state than that payment to a de facto officer is a good defense to an action brought against the city by a de jure officer to recover the same salary after he has acquired or regained possession. McVeany v. Mayor, 80 N. Y. 185, 36 Am. Rep. 600; Martin v. City of N. Y., 176 N. Y. 371, 68 N. E. 640; Jones v. City of Buffalo, 178 N. Y. 45, 70 N. E. 99. These authorities are said to rest upon the principle that the public cannot be compelled to pay twice for the same services, and that the officer charged with the duty of paying salaries is not required to go behind the commission or certificate of election, and, at his peril, decide difficult questions of fact or law, but may make payment to the person who occupies the office and performs its duties. Martin v. City of N. Y., supra. Blair had not, therefore, at the time he assigned to his wife, nor ever had, any legal claim against the city for salary from the time of his attempted removal to the date of the

order for his reinstatement, for another filled the office de facto and received the salary. But it is said that he had, if not a legal, at least a moral, claim against the city for payment during that period, and that, when that claim had ripened into a legal claim by act of the Legislature, the assignment attached to it. It has frequently been pointed out that a man may have a legal claim against a sovereign or state which is unenforceable, not for any defect in its justice or legal foundation, but because of the inability to enforce the claim without the consent of the debtor. Such a claim, even while still unenforceable, may be assigned, and when, by reason of an enabling act, the claim becomes capable of enforcement, the assignee will be entitled to the proceeds. Taft v. Marsily, 120 N. Y. 474, 24 N. E. 926; Comegys v. Vasse, 1 Pet. 193, 7 L. Ed. 108. All the cases supporting this rule rest, however, upon the existence at the time of assignment of a legal claim, although it may at the time be incapable of collection. Blair had at the time he made the assignment no legal claim against the city, and the city does not hold the position of a sovereign state, which cannot be sued without its own consent. Indeed, he had not even a moral claim. He did not, in fact, actually perform services for the period named, and cannot base any moral claim on that ground. Nor had the city of New York, whose disbursing officer the comptroller is, done him any injury for which it owed him reparation. His illegal removal was not the act of the city, but the personal act of the head of the department to which he was attached. Over this office the city had no control with regard to whether or not he should remove Blair. It follows that, since Blair had neither legal nor moral claim for the payment of a sum equivalent to the salary of the position from the date of his removal to that of the order for his restoration, the Legislature by the act of 1904 merely granted him a bounty or gratuity. To such a donation a precedent assignment cannot be held to apply. As was said in Emerson v. Hall, 13 Pet. 409, 10 L. Ed. 223:

"A claim having no foundation in law, but depending entirely upon the generosity of the government, constitutes no basis for the action of any legal principle. It cannot be assigned. It does not go to the administration as assets. It does not descend to the heir."

The same principle has been applied in many other cases. It follows that nothing passed under the assignments in any aspect of the case, and nothing went to the receiver, of the money he now claims, by virtue of his appointment. The motion of the relator Blair must therefore be granted, and that of the relator Schmitt denied.

Ordered accordingly.